```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

DENNIS McNEIL, et al.,

    Plaintiffs,

vs.     No. 07-2166-B/P

CITY OF MEMPHIS,

    Defendant.

ORDER DIRECTING EACH PLAINTIFF TO FILE
EEOC CHARGE AND RIGHT TO SUE LETTER

On March 7, 2007, twenty-six (26) police officers employed by the City of Memphis filed a joint pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiffs paid the civil filing fee. On April 3, 2007, Plaintiff filed a jury demand. The Clerk shall record the plaintiffs as Dennis McNeil, Timothy Green, Terry L. Pirtle, Wanda Benton, Sylvia Hamilton, Darlene H. Smith, Lauren Robinson, Angela D. Scott, Ernest A. Greenleaf, Gwendolyn Lawrence, Ethel J. Prewitt, Monique Campbell, David Parks, Ronald Lollins, William Green, Edward Luellan, Eugene W. Ross, William Singleton, Clyde Jefferson, Evertina Halfacre, Sharon Mabon, Michael Freeman, Denise E. Jones, Jessica Burton, Gerald Wade, and Robert Harris. The defendant is the City of Memphis.

This lawsuit alleges that the procedures used by Defendant to make promotions to the rank of lieutenant had an adverse impact on African Americans.

Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

"In order for federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991); see also Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parry v. Mohawk Motors, Inc., 236 F.3d 299, 308 (6th Cir. 2000) (Title VII exhaustion requirements applicable to ADA claims). An aggrieved person in a deferral state such as Tennessee must file a formal charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") or the Tennessee Human Rights Commission within three hundred (300) days of the allegedly discriminatory action, 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2),[1] and must commence a civil action within ninety (90) days of receipt of the right to sue letter, 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e).

In this case, only Plaintiff McNeil has filed a copy of his right to sue letter, which he says he received on December 10, 2006. In order to assess whether the Court has subject-matter jurisdiction over the claims of each plaintiff, each plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to file copies of his or her EEOC charge and right to sue letter. Any plaintiff whose right to sue letter is dated more than ninety (90) days prior to the commencement of this action must also filed a supplemental to the complaint alleging the date on which he or she received the right to sue letter. Each supplemental must be personally signed by the filing plaintiff.

---

[1] The Supreme Court held in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002), that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."

Any plaintiff who fails timely to comply with this order will be dismissed from the case without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 25th day of June, 2007.

                                        s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE