IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| DENNIS MCNEIL, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) No. 07-2166 A/P |
| | ) |
| MEMPHIS POLICE ASSOCIATION, | ) |
| INC. and CITY OF MEMPHIS, | ) |
| | ) |
|     Defendants. | ) |

---

**ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE**

---

Before the court by order of reference is a motion to consolidate filed by defendant City of Memphis (the "City") on April 18, 2008. (D.E. 67). For the reasons below, the motion is GRANTED. The above-captioned case is hereby consolidated with <u>Walker-Cage, et al. v. City of Memphis and Memphis Police Association, Inc.</u>, No. 2:07-CV-2441 Ma/V.

### I. BACKGROUND

On March 7, 2007, Dennis McNeil and twenty other plaintiffs (the "<u>McNeil</u> plaintiffs") brought suit against the Memphis Police Association, Inc. ("MPA") and the City, alleging that the City violated Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2003e-2(a)(2), and that the MPA violated Title VII, 42 U.S.C. § 2003-2(c)(3), in connection with a promotion process in 2005. The <u>McNeil</u> plaintiffs are African-American officers who have had at least seven years of

continuous service as commissioned officers with the Memphis Police Department ("MPD") and who received notification from the City that they were qualified to take the 2005 Lieutenant's promotion test. The City is the plaintiffs' employer and the MPA acts as the bargaining union for Memphis police officers.

On June 25, 2007, Constance Walker-Cage and six other plaintiffs (the "Walker-Cage plaintiffs") filed suit against the City and the MPA, alleging that the defendants deprived the plaintiffs of their rights under Title VII, 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981, and violated their rights under the Fourteenth Amendment. The Walker-Cage plaintiffs are African-American officers who were employed by the City as Sergeants with the MPD and who were qualified to take the 2005 Lieutenant's promotion test.

The complaints filed in both cases allege the same set of operative facts. They allege that on October 21, 2004, Police Services Director Larry Godwin announced that the promotion process from the rank of Sergeant to Lieutenant would take place on January 13, 14, and 15, 2005. (McNeil Compl. ¶ 35; Walker-Cage Compl. ¶ 20.) During those three days, the City administered the promotion test, which consisted of three components: a written test, an oral assessment, and an "in basket" practice test (the "three-part test"). (McNeil Compl. ¶ 36; Walker-Cage Compl. ¶ 20.) The City hired the testing firm of Barrett & Associates, Inc. ("Barrett") to

develop the test. (McNeil Compl. ¶ 38; Walker-Cage Compl. ¶ 22.) After analyzing the results, Barrett determined that use of the three-part test would adversely impact African-American candidates. (McNeil Compl. ¶ 40; Walker-Cage Compl. ¶ 22.) Based on that information, the City decided that an alternative eligibility list would be generated using only the written portion of the test and seniority points (the "one-part test"). (McNeil Compl. ¶ 42; Walker-Cage Compl. ¶ 24.) Barrett determined that the one-part test did not encompass the entire job domain and that reliance on the written portion alone would adversely impact African-Americans, although to a lesser extent than reliance on the three-part test. (McNeil Compl. ¶ 42; Walker-Cage Compl. ¶ 25). Therefore, the City used the results of the one-part test to promote the highest-scoring ninety-four Sergeants to the rank of Lieutenant. (Walker-Cage Compl. ¶ 26).

Under the Memorandum of Understanding between the City and the MPA, the City was required to notify the MPA of changes to its selection procedures. (McNeil Compl. ¶¶ 47-48; Walker-Cage Compl. ¶ 27.) The City, however, did not notify the MPA that it would utilize the one-part test instead of the three-part test in the promotion process. (McNeil Compl. ¶ 48; Walker-Cage Compl. ¶ 27.) The MPA challenged the City's use of the one-part test, and an arbitrator later ordered the City to re-implement the three-part test. (McNeil Compl. ¶ 51; Walker-Cage Compl. ¶ 27.) Based on the

arbitrator's decision, the City allowed the original ninety-four promoted Sergeants to keep their promotions, and it further allowed all Sergeants eligible for promotion under the three-part test who were omitted from the promotional roster under the one-part test to be promoted to Lieutenant as well. (Walker-Cage Compl. ¶ 28.) This resulted in an additional twenty-six promotions. (McNeil Compl. ¶ 53; Walker-Cage Compl. ¶ 28.) None of the plaintiffs were promoted during the 2005 promotion process.

In this motion, the City argues that the McNeil and the Walker-Cage cases should be consolidated pursuant to Federal Rule of Civil Procedure 42. The City contends that the factual and legal issues are identical in both cases, many witnesses and documents will be common to both cases, inconsistent results may occur if the cases are not consolidated, and both cases are in the same early stage of litigation. Additionally, the City asserts that consolidating the cases would promote efficiency and judicial economy. The Walker-Cage plaintiffs filed a response in opposition to the motion, arguing that certain theories of liability pose a potential conflict between the two sets of plaintiffs, rendering consolidation more problematic than beneficial.[1] They state that the EEOC conducted an independent investigation into the City's promotion process and determined that the seven Walker-Cage

---

[1] The McNeil plaintiffs did not file a response to the motion to consolidate.

-4-

plaintiffs were harmed as a result of the promotion decision due to their race. The Walker-Cage plaintiffs also argue that, had the City promoted twenty-six additional Sergeants based on the results of the one-part test, rather than the three-part test, they would have ranked high enough to have been promoted, whereas none of the McNeil plaintiffs were ranked high enough to be promoted under either test. Thus, the Walker-Cage plaintiffs assert that, in order to show that they should have been promoted, they can argue at trial that the City should have relied on the results of the one-part test as the acceptable alternative test. They also argue that the McNeil plaintiffs, however, cannot show that they should have been promoted under either test and thus must argue that both tests were discriminatory.

## II. ANALYSIS

### A. Motion to Consolidate

Federal Rule of Civil Procedure 42 authorizes courts to order multiple cases consolidated when actions involving a common question of fact or law are before the court. Fed. R. Civ. P. 42(a). In its discretion, the trial court may order actions consolidated in the interests of judicial economy so that it may "administer the court's business 'with expedition and economy while providing justice to the parties.'" Williams v. Gilless, No. 93-5844, 1994 WL 66666, at *1 (6th Cir. 1994) (quoting 9 Wright & Miller, Federal Practice and Procedure, §§ 2381 (1971)). District

courts have broad discretion in determining whether to consolidate cases, and should consider whether consolidation will promote judicial economy without impeding justice and the interests of the parties. Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999); Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412 (6th Cir. 1998). "[I]t is the district court's responsibility to ensure that parties are not prejudiced by consolidation." El Bannan v. Yonts, No. 5:06-cv-173-R, 2007 WL 1199432, at *1 (W.D. Ky. April 20, 2007) (internal quotations omitted).

Based on the entire record, the court finds that these cases are well-suited for consolidation. The cases involve essentially identical questions of law and fact, the same defendants, and will require much of the same evidence. Additionally, the cases are at the same early stage of litigation. Consolidating these cases will avoid duplicative discovery and promote judicial economy. Although the plaintiffs' positions on whether the one-part test was discriminatory may differ, the court believes that maintaining separate cases will create a substantial risk of inconsistent results. Consolidation will more effectively allow the court to determine whether either or both of the tests were discriminatory,

and if so, the remedies available to the plaintiffs. The efficiency and clarity that will result from consolidation outweighs any potential prejudice to the plaintiffs. Therefore, the court, in balancing the interests of and potential prejudice to the parties, concludes that consolidation is warranted under Rule 42(a).[2]

### III. CONCLUSION

For the reasons above, the defendant's motion to consolidate is GRANTED. The present case is hereby consolidated with <u>Walker-Cage, et al. v. City of Memphis and Memphis Police Association, Inc.</u>, No. 2:07-CV-2441 Ma/V. Within eleven (11) days from the entry of this order, the parties shall submit a joint proposed scheduling order for the court's review and approval.

IT IS SO ORDERED.

S/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 11, 2008
Date

---

[2] The City further requests in its motion to consolidate that, in light of District Judge J. Daniel Breen's transfer to the Eastern Division, the cases remain in the Western Division and that the cases be consolidated before District Judge Samuel Mays. After Judge Breen's transfer to the Eastern Division, however, the <u>McNeil</u> case was reassigned to District Judge S. Thomas Anderson (who is in the Western Division). Therefore, these cases will be consolidated before Judge Anderson.